1  Corinne Chandler - SBN: 111423
    E-Mail: cchandler@kantorlaw.net
2  Glenn R. Kantor, State Bar No. 122643
    E-mail: gkantor@kantorlaw.net
3  KANTOR & KANTOR LLP
   19839 Nordhoff Street
4  Northridge, California 91324
   (818) 886 2525 (Tel)
5  (818) 350 6272 (Fax)

6  Attorneys for Plaintiff,
   LORI JEAN KLEES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| LORI JEAN KLEES, | ) | Case No.: 2:15-cv-992 |
|---|---|---|
| Plaintiff, | ) | **COMPLAINT FOR DAMAGES** |
| v. | ) | **(1) BREACH OF CONTRACT** |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | ) | **(2) BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING** |
| Defendant. | ) | **DEMAND FOR JURY TRIAL** |

Plaintiff Lori Jean Klees, herein sets forth the allegations of her Complaint against Defendant LIBERTY LIFE ASSURANCE COMPANY OF BOSTON.

## PRELIMINARY ALLEGATIONS

1. Jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00.

2. Venue is proper in this Court based upon 28 U.S.C. § 1391(a).

3.      Plaintiff is informed and believes that Defendant Liberty Life Assurance Company of Boston (hereinafter "Liberty Life") is a corporation incorporated in and with its principal place of business in the State of Massachusetts, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California.

4.      Plaintiff Lori Jean Klees, is a resident and citizen of the town of Elk Grove, County of Sacramento, State of California.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
## LIBERTY LIFE ASSURANCE COMPANY OF BOSTON
## FOR BREACH OF CONTRACT

5.      Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

6.      On or before January 1, 2009, LIBERTY LIFE issued to the Regents of the University of California, a group policy of insurance intended to insure and fund the Supplemental Disability Insurance Plan ("Disability Plan") afforded by the Regents to certain employees of the University of California at Los Angeles. Plaintiff was afforded disability coverage under the terms of the Disability Plan.

7.      All premiums due to maintain Plaintiff's coverage in full force and effect under the Policy have been paid.  At all relevant times, Plaintiff has performed all obligations under the Policy on her part to be performed.

8.      On or before January 1, 2012, Plaintiff suffered a loss compensable under the terms of the Policy in that due to physical sickness and injury, she was unable to perform all of the material duties of her occupation as a critical care nurse, and such inability required her to take a disability leave.

9.      Thereafter, in a timely fashion, the Plaintiff submitted a long term disability claim to Liberty Life.  Liberty Life approved Plaintiff's claim and paid her

1 benefits August 11, 2014, at which time it advised her it would no longer pay her
2 benefits as she no longer satisfied the terms of the Liberty Life policy effective.

3   10.   Effective August 11, 2014, Liberty Life wrongfully terminated the payment of benefits to the Plaintiff.  The termination of benefits was predicated on Liberty Life's incorrect determination that Plaintiff's disability did not render her unable to perform "any occupation" for which she was qualified by reason of her age, experience, training and experience.  Liberty Life inaccurately assessed her ability to work, and also incorporated a definition of disability which contradicts California law.  As a direct and proximate result of Liberty Life's improper determination regarding Plaintiff's disability claim, Plaintiff has been deprived of the right to obtain benefits under the terms of the Policy.   The Plaintiff, in compliance with the Policy Terms appealed the denial, but was advised telephonically that her appeal had been denied.

   11.   Liberty Life's conduct constitutes a breach of the insurance contract between Liberty Life and Plaintiff.  As a direct and proximate result of Liberty Life's breach of the Policy, Plaintiff has suffered contractual damages under the terms and conditions of the Policy that will continue, plus interest and other incidental damages and out-of-pocket expenses, all in the sum to be determined according to proof at the time of trial.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT LIBERTY LIFE INSURANCE COMPANY FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

   12.   Plaintiff incorporates by reference all preceding paragraphs as though set fully set forth herein.

   13.   LIBERTY LIFE has breached its duty of good faith and fair dealing owed to Plaintiff in the following respects:

(a) Unreasonably withholding benefits from Plaintiff in bad faith at a time when LIBERTY LIFE knew Plaintiff was entitled to said full benefits under the Policy;

(b) Unreasonably and in bad faith failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claim for LTD benefits;

(c) Unreasonably delaying payments to Plaintiff in bad faith knowing Plaintiff's claim for benefits under the Policy was valid;

(d) Unreasonably failing to properly investigate Plaintiff's claim;

(e) Intentionally and unreasonably applying pertinent policy provisions so as to limit Liberty Life's financial exposure and contractual obligations and to maximize its own profits;

(f) Unreasonably compelling Plaintiff to institute litigation to recover amounts due under the policy in an effort to further discourage Plaintiff from pursuing her full policy benefits.

14. Plaintiff is informed and believes and thereon alleges that Liberty Life has breached its duties of good faith and fair dealing owed to Plaintiff by other acts or omissions of which Plaintiff is presently unaware. Plaintiff will amend this Complaint at such time as Plaintiff discovers these other acts or omissions.

15. As a proximate result of the aforementioned wrongful conduct of Liberty Life, Plaintiff has suffered, and will continue to suffer in the future, damages under the Policy, plus interest, for a total amount to be shown at the time of trial.

16. As a further proximate result of the aforementioned wrongful conduct of Liberty Life, Plaintiff has suffered anxiety, worry, mental and emotional distress, and other incidental damages and out-of-pocket expenses, all to Plaintiff's general damage in a sum to be determined at the time of trial.

17.   As a further proximate result of the aforementioned wrongful conduct of Liberty Life, Plaintiff was compelled to retain legal counsel to obtain the benefits due under the Policy.  Therefore, Liberty Life is liable to Plaintiff for those attorneys' fees reasonably necessary and incurred by Plaintiff to obtain Policy benefits in a sum to be determined at the time of trial.

18.   Liberty Life's conduct described herein was intended by Liberty Life to cause injury to Plaintiff, was despicable conduct carried on by Liberty Life with a willful and conscious disregard of the rights of Plaintiff, subjected Plaintiff to cruel and unjust hardship in conscious disregard of her rights, and was an intentional misrepresentation, deceit, or concealment of a material fact known to Liberty Life with the intention to deprive Plaintiff of property and/or legal rights or to otherwise cause injury, such as to constitute malice, oppression, or fraud under California Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of Liberty Life.

19.   Liberty Life's conduct in wrongfully denying LTD benefits to Plaintiff was an unfair act and practice which caused Plaintiff to suffer a loss of income, a substantial loss of property set aside for personal care and maintenance, and assets essential to her health and welfare.  Plaintiff is a disabled person  within the meaning of California Civil Code § 3345, and as a consequence of Liberty Life's wrongful actions herein, Plaintiff is entitled to a trebling of any damages imposed by the trier of fact pursuant to California Civil Code § 3294.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against LIBERTY LIFE as follows:

1. Damages for failure to provide full benefits under the Policy for past, present, and future benefits, in an amount to be determined at the time of trial but in excess of $3,000.00 per month, plus interest, including prejudgment interest;

2. General damages for mental and emotional distress and other incidental damages in the sum of $1,000,000.00;

3. Punitive and exemplary damages in an amount in excess of $5,000,000.00;

4. A trebling of any punitive damages pursuant to California Civil Code § 3345;

5. Attorneys' fees reasonably incurred to obtain Policy benefits in a sum to be determined at the time of trial;

6. Costs of suit incurred herein; and

7. Such other and further relief as the Court deems just and proper.

Dated: February 11, 2015                    KANTOR & KANTOR LLP


By: */s/ Glenn R. Kantor*
GLENN R. KANTOR
CORINNE CHANDLER
Attorneys for Plaintiff
LORI JEAN KLEES

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: February 11, 2015                    KANTOR & KANTOR LLP


By: */s Glenn R. Kantor*
    GLENN R. KANTOR
    CORINNE CHANDLER
    Attorneys for Plaintiff
    LORI JEAN KLEES

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

COMPLAINT FOR DAMAGES